UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WUILIAN ZETINA GUTIERREZ,<br><br>                              Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL REGIONAL<br>DETENTION FACILITY,<br><br>                              Respondent. | Case No.:  26-CV-2812 JAO (SBC)<br><br>**ORDER GRANTING IN PART<br>WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Wuilian Zetina Gutierrez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Also before the Court is Respondent Warden of the Imperial Regional Detention Facility's ("Respondent" or the "government") Return to the Petition, ECF No. 4.  For the reasons set forth below, the Court **GRANTS** the Petition on due process grounds.

### BACKGROUND

Petitioner is a native and citizen of Mexico that entered the United States with his mother when he was a minor in 2015.  *See* ECF No. 1 at 4; ECF No. 1-2 at 1.  He was processed through CBP One and released on conditional parole.  *See id.*, ECF No. 4 at 2 ("Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a).").  On or about April 2, 2026, he was placed into

26-CV-2812 JAO (SBC)

immigration detention, where he has remained since. *See* ECF No. 1 at 4; ECF No. 1-2 at 1. There is no indication that Petitioner received any notice or pre-deprivation hearing before being re-detained, and Petitioner now seeks an order releasing him on reasonable conditions or for a bond hearing before an Immigration Judge. *See* ECF No. 1 at 4; *see generally* ECF No. 4.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that he has been misclassified as an arriving alien and thereby illegally subjected to mandatory detention under 8 U.S.C. § 1225(b). *See* ECF No. 1 at 4. He seeks an order granting him release or a bond hearing before an Immigration Judge. *See id.* The government takes the position that Petitioner is subject to mandatory detention under § 1225(b)(2) but recognizes that because Petitioner entered the country years ago and was previously released from immigration custody on conditional parole under § 1226(a), courts in this District "have repeatedly reached the opposite conclusion under the same and/or similar facts." *See* ECF No. 4 at 2. Respondent thus concedes that "the facts [in this case] are not materially distinguishable for purposes of the Court's

26-CV-2812 JAO (SBC)

decision," and ultimately "does not oppose the petition and defers to the Court on the appropriate relief." *Id.* at 3.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citations omitted). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Here, Respondent concedes that Petitioner was released on conditional parole. *See* ECF No. 4 at 2. Petitioner thus has a protected liberty interest in continuing to remain out of custody. *See, e.g.*, *Pinchi*, 792 F. Supp. 3d at 1034 ("[Petitioner's] release from ICE custody after [his] initial apprehension reflected a determination by the government that [he] was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless [he] no longer meets those criteria."); *Noori*

26-CV-2812 JAO (SBC)

*v. LaRose*, 807 F. Supp. 3d 1146, 1164 ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year.  This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."); *Alvarenga Matute v. Wofford*, 807 F. Supp. 3d 1120, 1129 (E.D. Cal. 2025) (finding the petitioner had a protected liberty interest in his release).

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest.  *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court must apply the *Mathews* factors. *See Mathews*, 424 U.S. at 335.  Courts must consider:

> (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*Id.*

The Court finds that all three factors support a determination that the government's revocation of Petitioner's parole without notification, reasoning, or an opportunity to be heard, denied Petitioner of his due process rights.  First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody pursuant to his release on conditional parole.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."  *Zadvydas*, 533 U.S. at 690; *see also Morrissey*, 408 U.S. 471 at 482 ("Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life.").

Second, the risk of an erroneous deprivation of such interest is high as Respondent revoked Petitioner's conditional parole without providing Petitioner with notification, reasoning, or a hearing.  *See generally* ECF No. 4 (conceding that Petitioner was

26-CV-2812 JAO (SBC)

previously released on conditional parole but is now being subjected to mandatory detention). But since the government's initial determination that Petitioner should be released on conditional parole because he posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). Indeed, Petitioner attests that he has cooperated with the Department of Homeland Security and is not a danger or a flight risk, which Respondent does not dispute. *See* ECF No. 1 at 4; *Goraya v. Warden*, 2026 WL 1111145, at *2 (S.D. Cal. Apr. 23, 2026) (explaining that release on conditional parole demonstrated that ICE did not consider the petitioner a danger or a flight risk and that nothing in the record indicated changed circumstances). "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances— namely, evidence that the noncitizen is in fact dangerous or has become a flight risk[.]" *Saravia*, 280 F. Supp. 3d at 1176. "Where as here, 'the petitioner has not received any bond or custody hearing,' 'the risk of an erroneous deprivation of liberty is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [his] detention." *Pinchi*, 792 F. Supp. 3d at 1035 (quoting *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025)) (cleaned up).

Third, the government's interest in detaining Petitioner without notice, reasoning, and a hearing is "low." *See Alvarenga Matute*, 807 F. Supp. 3d at 1130; *Pinchi*, 792 F. Supp. 3d at 1036; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

Therefore, because the government detained Petitioner by revoking his release on conditional parole in violation of the Due Process Clause, his detention is unlawful. *See, e.g.*, *Faizyan v. Casey*, 2025 WL 3208844, at *6–7 (S.D. Cal. Nov. 17, 2025) (finding

26-CV-2812 JAO (SBC)

due process violation where conditional parole revoked without pre-deprivation notice or hearing); *Monroy Martinez v. Lyons*, 2026 WL 1047937, at * 5 (S.D. Cal. Apr. 17, 2026) (granting a writ of habeas corpus on due process grounds where the petitioner's release on bond was revoked); *Navarro Sanchez v. LaRose*, 2025 WL 2770629, at *5 (S.D. Cal. Sept. 26, 2025) (granting a writ of habeas corpus releasing petitioner from custody to the conditions of her preexisting parole on due process grounds).[1]

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** the Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondent to immediately release Petitioner from custody subject to the conditions of his preexisting release on conditional parole.  The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his release on bond and a hearing before a neutral decision maker to determine whether detention is warranted.  The government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.  *See, e.g.*, *Pinchi*, 792 F. Supp. 3d at 1038.  The Parties are **ORDERED** to file a Joint Status Report by May 19, 2026, confirming that Petitioner has been released.

**IT IS SO ORDERED.**

Dated:  May 12, 2026



Jill A. Otake
United States District Judge

---

[1] The Court need not address Petitioner's claims arising under the *Bautista* class action.  *See* ECF No. 1 at 5–6.

26-CV-2812 JAO (SBC)